UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VMK ENTERPRISE                                     CIVIL ACTION

VERSUS                                             NO. 17-14-JJB-EWD

WEYERHAEUSER COMPANY

**ORDER**

Before the Court is an Unopposed Ex Parte Motion for Leave, filed by plaintiff VMK Enterprise ("VMK").[1] The proposed Second Amended Complaint,[2] however, fails to properly allege the citizenship of the parties. The proposed Second Amended Complaint contains the following allegations regarding citizenship:

> The Second Amended Complaint of VMK Enterprise, a Louisiana Partnership (composed of partners Vickey Lott, Kim Hutchinson, Monica Harrison, all residents and citizens of Louisiana) domiciled in Livingston Parish Louisiana, respectfully represents:
> 1.
> Made defendants are:
> **Weyerhaeuser Company**, a foreign business corporation domiciled in the State of Washington, having its principal place of business in Louisiana in Baton Rouge, Louisiana;
> **Larry Johnson Trucking, LLC**, a Mississippi Limited Liability Company, with its principal place of business in McComb, Mississippi.
> **Larry Johnson**, a person of the age of majority domiciled in the State of Mississippi.[3]

Because the original Complaint filed in this Court alleged subject matter jurisdiction based upon diversity jurisdiction under 28 U.S.C. § 1332,[4] proper information regarding the citizenship

---

[1] R. Doc. 36.
[2] R. Doc. 36-2.
[3] R. Doc. 36-2 at p. 1.
[4] *See*, R. Doc. 1 at ¶ 3.

of all parties is necessary to establish the Court's diversity jurisdiction. In the proposed Second Amended Complaint, citizenship has not been adequately alleged. Although the citizenship of VMK and Larry Johnson has been adequately alleged,[5] the citizenship of Weyerhaeuser Company and Larry Johnson Trucking, LLC has not been adequately alleged. With respect to Weyerhaeuser Company, which is alleged to be a corporation, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to Larry Johnson Trucking, LLC, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves

---

[5] With respect to Larry Johnson, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to VMK, the Fifth Circuit has held that, "For the purpose of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners." *International Paper Co. v. Denkmann Associates*, 116 F.3d 134, 137 (5th Cir. 1997) (citing *Royal Ins. V. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993)). The proposed Second Amended Complaint identifies the partners of VMK as Vickey Lott, Kim Hutchinson and Monica Harrison, and alleges that all of the partners are Louisiana citizens.

entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that VMK Enterprise shall have seven (7) days from the date of this Order to file a Motion to Substitute the proposed Second Amended Complaint[6] with a proposed pleading that is a comprehensive complaint (*i.e.*, it may not refer back to or rely on any previous pleading) that includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended and which adequately alleges the citizenship of the parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on December 21, 2017.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[6] R. Doc. 36-2.